<pre>

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California 95113-2403
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   EVELINE HENRIETTE ROSENBERRY
6

7

                ORIGINAL
                FILED
                07 AUG -2 PM 2: 17
                RICHARD W. WIEKING
                CLERK
                U.S. DISTRICT COURT
                NO. DIST. OF CA. S.J.

8            IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                      SAN JOSE DIVISION

10 EVELINE HENRIETTE ROSENBERRY,        Case No. C 07 03984 RMW

11                     Plaintiff,
                                        COMPLAINT
12 v.                                                          HRL
                                        DEMAND FOR JURY TRIAL
13 LAW OFFICE OF HARRIS & ZIDE, a
   general partnership, FLINT COREY ZIDE,  15 United States Code § 1692 et seq.
14 individually and in his official capacity, and
   ROBERT LEE, individually and in his
15 official capacity,

16                     Defendants.

17

18         Plaintiff, EVELINE HENRIETTE ROSENBERRY (hereinafter "Plaintiff"), based

19 on information and belief and investigation of counsel, except for those allegations which pertain

20 to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes

21 the following allegations:

22                              I. INTRODUCTION

23         1.      This is an action for statutory damages, attorney fees and costs brought by an

24 individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C.

25 § 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive,

26 deceptive and unfair practices.

27                              II. JURISDICTION

28         2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §
</pre>

-1-
COMPLAINT

1337.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III.  VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV.  INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V.  PARTIES

6. Plaintiff, EVELINE HENRIETTE ROSENBERRY (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

7. Plaintiff is informed and believes, and thereon alleges that Defendant, LAW OFFICES OF HARRIS & ZIDE (hereinafter "HARRIS & ZIDE"), is or was at all relevant times, a general partnership engaged in the business of collecting debts in this state with its principal place of business located at:  1445 Huntington Drive, Suite 300, South Pasadena, Los Angeles County, California  91030-4553.  HARRIS & ZIDE may be served as follows:  Law Offices of Harris & Zide, c/o Flint Corey Zide, General Partner, 1445 Huntington Drive, Suite 300, South Pasadena, Los Angeles County, California  91030-4553.  The principal business of HARRIS & ZIDE is the collection of debts using the mails and telephone, and HARRIS & ZIDE regularly attempts to collect debts alleged to be due another.  HARRIS & ZIDE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

8. Defendant, FLINT COREY ZIDE (hereinafter "ZIDE"), is a natural person,

1 a licensed attorney in the state of California, and is or was an employee, agent, and/or general
2 partner of HARRIS & ZIDE at all relevant times. ZIDE may be served at his current business
3 address at: Flint Corey Zide, Law Offices of Harris & Zide, 1445 Huntington Drive, Suite 300,
4 South Pasadena, Los Angeles County, California 91030-4553. ZIDE is a "debt collector" within
5 the meaning of 15 U.S.C. § 1692a(6). Plaintiff is informed and believes, and thereon alleges that
6 ZIDE is liable for the acts of HARRIS & ZIDE because he is a general partner of HARRIS & ZIDE,
7 he sets and approves HARRIS & ZIDE collection policies, practices, procedures, and he directed
8 the unlawful activities described herein.

9      9.   Defendant, ROBERT LEE (hereinafter "LEE"), is a natural person, a licensed
10 attorney in the state of California, and is or was an employee, agent, and/or general partner of
11 HARRIS & ZIDE at all relevant times. LEE may be served at his current business address at:
12 Robert Lee, Law Offices of Harris & Zide, 1445 Huntington Drive, Suite 300, South Pasadena, Los
13 Angeles County, California 91030-4553. LEE is a "debt collector" within the meaning of 15 U.S.C.
14 § 1692a(6). Plaintiff is informed and believes, and thereon alleges that LEE is liable for the acts of
15 HARRIS & ZIDE because he is a general partner of HARRIS & ZIDE, he sets and approves
16 HARRIS & ZIDE collection policies, practices, procedures, and he directed the unlawful activities
17 described herein.

18      10.   At all times herein mentioned, each of the Defendants was an officer, director,
19 agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said
20 times, each Defendant was acting in the full course and scope of said office, directorship, agency,
21 service, employment and/or joint venture. Any reference hereafter to "Defendants" without further
22 qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

### VI. FACTUAL ALLEGATIONS

24      11.   On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred
25 a financial obligation, namely a consumer credit account issued by Care Credit (hereinafter "the
26 alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes
27 and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

28      12.   Sometime thereafter on a date unknown to Plaintiff, the alleged debt was

1 consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

2       13.    Thereafter, Defendants sent a collection letter dated September 27, 2006, (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

       14.    A true and accurate copy of the collection letter dated September 27, 2006, from Defendants to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

       15.    The collection letter dated September 27, 2006, (Exhibit "1") was Defendants' first written notice initially addressed to Plaintiff in connection with collecting the alleged debt.

       16.    The collection letter dated September 27, 2006, (Exhibit "1"), was mailed in an envelope on which a postage meter imprint dated September 28, 2006, was printed.

       17.    Plaintiff is informed and believes, and thereon alleges that Defendants deposited the envelope containing the September 27, 2006, collection letter (Exhibit "1") in the United States Mail on or about September 28, 2006.

       18.    The collection letter dated September 27, 2006, (Exhibit "1") was sent in an envelope which contained a window through which information printed on the collection letter could be seen by anyone who handled the collection letter.

       19.    On or about October 2, 2006, Plaintiff's counsel, Fred W. Schwinn of the Consumer Law Center, Inc., sent a letter to Defendants via facsimile which stated in relevant part:

> Please be advised that the consumer debtor in the matter referenced above has retained the services of the Consumer Law Center, Inc., to assist in the matter of debt relief.  The purpose of this letter is two-fold.  First, I wish to provide you with written notice in your capacity as a creditor, collection agent, or collection attorney that this consumer debtor, now our client, is in fact and in law **REPRESENTED BY AN ATTORNEY.**  As a result of this notice, and pursuant to Section 1692(b)(6) of Title 15 of the United States Code and Section 1788.14(c) of the California Civil Code, you are to immediately terminate any further direct or indirect contacts with our client.  Please note that such prohibited contacts include, but are not limited to, all forms of communication by letter, phone, fax, email or any other means.  This also includes any contact directly or indirectly with any employer, family member, friend, or other creditor of our client.
>
> . . .
>
> Until advised otherwise, you should mark this matter as "disputed."

       20.    A true and accurate copy of Plaintiff's counsel's October 2, 2006,

-4-
COMPLAINT

representation letter is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

21. A <u>Memory Transmission Report</u> attached as the last page of Exhibit "2" verifies that the 4 page document was transmitted to facsimile machine (626) 799-8419 on October 2, 2006, and that said transmission was completed and that all pages were received and that the <u>Memory Transmission Report</u> was generated which confirmed said transmission and receipt.

22. After receiving Plaintiff's counsel's letter disputing the debt (Exhibit "2"), Defendants continued their collection efforts without first obtaining and mailing Plaintiff's counsel a validation of the debt being collected.

23. Thereafter, on or about October 19, 2006, Defendants recorded the following automated message on Plaintiff's answering machine:

> Rosenberry. Call our office during business hours for a message concerning important personal business. The telephone number is 800-381-0003. Again the number is 800-381-0003. Whoever returns this call should refer to reference number 00422310. Again, the reference number is 004223. . .

24. On or about October 21, 2006, Defendants recorded the following automated message on Plaintiff's answering machine:

> Rosenberry. Call our office during business hours for a message concerning important personal business. The telephone number is 800-381-0003. Again the number is 800-381-0003. Whoever returns this call should refer to reference number 00422310. Again, the reference number is 00422310. If you wish to speak to someone now regarding your account, press zero. To repeat these choices, press the star key. Thank you for your help. Goodbye.

25. On or about October 26, 2006, Defendants recorded the following automated message on Plaintiff's answering machine:

> Rosenberry. Call our office during business hours for a message concerning important personal business. The telephone number is 800-381-0003. Again the number is 800-381-0003. Whoever returns this call should refer to reference number 00422310. Again, the reference number is 004223. . .

26. On or about October 28, 2006, Defendants recorded the following automated message on Plaintiff's answering machine:

> Rosenberry. Call our office during business hours for a message concerning

-5-
COMPLAINT

1  important personal business. The telephone number is 800-381-0003. Again the number is 800-381-0003. Whoever returns this call should refer to reference number 00422310. Again, the reference number is 00422310. If you wish to speak to someone now regarding your account, press zero. To repeat these choices, press the star key. Thank you for your help. Goodbye.

27. On or about December 1, 2006, an employee of Defendants recorded the following message on Plaintiff's answering machine:

> Hello this message is for Eveline Rosenberry. If you can go ahead and give me a call back at area code 626-799-8444, extension 225. Go ahead and use reference number 422310. Again this is Ray Chavez calling with the Law Office of Harris and Zide.

28. Defendant's answering machine messages were each a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

29. Defendants failed to disclose Defendant's identity and the nature of Defendant's business in each of its answering machine messages, in violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

30. Defendants failed to disclose that each of its answering machine messages were communications from a debt collector, in violation of 15 U.S.C. § 1692e(11). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

31. Thereafter, Defendants sent a collection letter dated January 3, 2007, (Exhibit "3"), to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

32. A true and accurate copy of the January 3, 2007, collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

33. The collection letter dated January 3, 2007, (Exhibit "3"), was mailed in an envelope on which a postage meter imprint dated January 3, 2007, was printed.

34. Plaintiff is informed and believes, and thereon alleges that Defendants deposited the envelope containing the January 3, 2007, collection letter (Exhibit "3") in the United States Mail on or about January 3, 2007.

-6-
COMPLAINT

35. The collection letter dated January 3, 2007, (Exhibit "3") was sent in an envelope which contained a window through which information printed on the collection letter could be seen by anyone who handled the collection letter.

36. Plaintiff is informed and believes, and thereon alleges that the collection letter dated January 3, 2007, (Exhibit "3") was signed by Defendant, ZIDE.

37. The collection letter dated January 3, 2007, (Exhibit "3") represented or implied that the Plaintiff's account had been reviewed by ZIDE.

38. Plaintiff is informed and believes, and thereon alleges that ZIDE did not conduct a professional review of Plaintiff's account before sending the collection letter dated January 3, 2007, (Exhibit "3") to Plaintiff. See *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

39. Plaintiff is informed and believes, and thereon alleges that the collection letter dated January 3, 2007, (Exhibit "3") misrepresented the role and involvement of legal counsel.

40. Plaintiff is informed and believes, and thereon alleges that the collection letter dated January 3, 2007, (Exhibit "3") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

### VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

42. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 40 above.

43. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

44. Defendant, HARRIS & ZIDE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

45. Defendant, ZIDE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

46. Defendant, LEE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

47. The financial obligation allegedly owed to Care Credit by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

48. The collection letter and envelope (Exhibit "1") described above violate the FDCPA. The violations include, but are not limited to, the following:

    a. Defendants communicated with third parties in connection with the collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of 15 U.S.C. § 1692c(b);

    b. Defendants' display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of 15 U.S.C. § 1692d;

    c. Defendants published Plaintiff's personal financial information to third parties, in violation of 15 U.S.C. § 1692d(3); and

    d. Defendants' display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of 15 U.S.C. § 1692f.

49. Defendant's answering machine messages described above violate the FDCPA. The violations include, but are not limited to, the following:

    a. Defendant failed to disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. § 1692d(6); and

    b. Defendant failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11).

50. The collection letter and envelope (Exhibit "3") described above violate the FDCPA. The violations include, but are not limited to, the following:

      a.    Defendants communicated with third parties in connection with the collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of 15 U.S.C. § 1692c(b);

      b.    Defendants' display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of 15 U.S.C. § 1692d;

      c.    Defendants published Plaintiff's personal financial information to third parties, in violation of 15 U.S.C. § 1692d(3);

      d.    Defendants falsely represented or implied that ZIDE had reviewed the Plaintiff's file when ZIDE had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

      e.    Defendants falsely represented the role and evolvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

      f.    Defendants misrepresented the true source or nature of the communication, in violation of 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10); and

      g.    Defendants' display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of 15 U.S.C. § 1692f.

51.    Defendants have further violated the FDCPA in the following respects:

      a.    Defendants continued to communicate directly with Plaintiff regarding the collection of the alleged debt after they knew that Plaintiff was represented by an attorney with respect to the alleged debt, in violation of 15 U.S.C. § 1692c(a)(2); and

      b.    Defendants continued their collection efforts against Plaintiff after

   receiving a written notification within the thirty-day validation period from Plaintiff's counsel disputing the debt being collected in its entirety without first obtaining a verification of the debt and mailing a copy of such verification to Plaintiff, in violation of 15 U.S.C. § 1692g(b).

52. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

53. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendants' collection letter and envelope attached hereto as Exhibit "1" violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(b), 1692d, 1692d(3) and 1692f;

c. Declare that Defendants' answering machine messages violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d(6) and 1692e(11);

d. Declare that Defendants' collection letter and envelope attached hereto as Exhibit "3" violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(b), 1692d, 1692d(3), 1692e, 1692e(3), 1692e(10) and 1692f;

e. Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(a)(2) and 1692g(b);

f. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

g. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3); and

h. Award Plaintiff such other and further relief as may be just and proper.

| | |
|---|---|
|1| CONSUMER LAW CENTER, INC.|
|2| |
|3| By: /s/ Fred W. Schwinn |
| | Fred W. Schwinn, Esq.|
| | Attorney for Plaintiff|
|4| EVELINE HENRIETTE ROSENBERRY|

### CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, EVELINE HENRIETTE ROSENBERRY, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.